IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOHDAN HOLYK ) | |
| ) | |
| Plaintiff, ) | Case No.: 16 CV 2119 |
| ) | |
| V. ) | |
| ) | |
| REMODELING AND CONSTRUCTION ) | |
| CORP. and OLEKSANDR ) | |
| KRYZHEVSKYY ) | **JURY DEMAND** |
| Defendants. ) | |
| ) | |

## COMPLAINT

NOW COMES Plaintiff Bohdan Holyk by and through his attorneys, The Freydin Law Firm LLP (based entirely on information and statements provided by Plaintiff), and for his Complaint against Defendants Remodeling and Construction Corp., and Oleksandr Kryzhevskyy, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act (of "FLSA"), 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act (of "FLSA"), 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and for the supplemental Illinois Statutory Claims, pursuant to 28 U.S.C. § 1367. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

### III.   PARTIES

3.   Defendants Remodeling and Construction Corp., and Oleksandr Kryzhevskyy individually and as owner of Remodeling and Construction Corp. (hereafter "Defendants"), are engaged in the business of commercial construction which is essential to interstate commerce or the production of goods for interstate commerce. In particular Defendants constructed, repaired and maintained instrumentalities of interstate commerce, including telephone, communications and/or electrical transmission lines over which interstate or foreign commerce regularly moves. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA at 29 U.S.C. §203(s)(1)(A). During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Bohdan Holyk, and, therefore, were and are "employers" as defined under both the federal and state statues relied upon herein. Defendants' annual gross revenue exceeds $500,000. Defendants operate out of Buffalo Grove, Illinois.

4.   Plaintiff, Bohdan Holyk (hereafter "Plaintiff"), is a former hourly employee of Defendants. As an employee performing duties for an enterprise engaged in commerce, the Plaintiff was also engaged in commerce as defined by the FLSA. Plaintiff resides in Wheeling, Illinois.

### IV.   ALLEGATIONS

**A.   Fair Labor Standards Act**

5.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff who was damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an

2

additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act §260.

    **B.  Illinois Wage Payment and Collection Act**

  6.  Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.,* Count IV of this action is brought by Plaintiff to recover unpaid overtime earned on or after the date three (3) years prior to the filing of this action.

    **V.  FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

  7.  Plaintiff, at all times pertinent to the causes of action, was employed by Defendants, and only Defendants, who set his hours, and directed all of his activities; said employment being integral and indispensable to Defendants' business.

  8.  Defendants employed Plaintiff on an "hourly" basis. Plaintiff was regularly required to work in excess of forty (40) hours in a workweek, without overtime pay for those hours over forty (40) at a rate of time and one-half of his regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

  9.  Plaintiff, in fact, regularly worked sixty to seventy (60-70) hour work-weeks during the pertinent time periods.

  10.  Between April 8, 2014 and February 20, 2015, Plaintiff was compensated hourly at the rate of $19.00 per hour.

  11.  Defendants paid Plaintiff approximately once a month by check, and at the end of the year issued Plaintiff a 1099 based on the number of hours worked.

  12.  Although Plaintiff regularly worked 60-70 hours per work week, Defendants never paid Plaintiff more than his flat hourly rate of $19.00 per hour.

13. At the time of the termination of his employment on February 20, 2015, Plaintiff had worked more than 998 hours of overtime without being compensated at a rate of 1 ½ times the regular rate at which he was employed.

14. Plaintiff demanded that he be compensated for his overtime wages after the termination of his employment, but Defendants refused.

## VI. COUNT I- VIOLATION OF THE FLSA

15. Plaintiff incorporates by reference the preceding allegations is if fully set forth herein.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and the Portal-to-Portal Act, 29 U.S.C. §251 et seq., Plaintiff is entitled to compensation at a rate of not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any work-week during the two (2) years preceding the filing of this action.

17. Defendants have at all relevant times failed and refused to pay compensation to Plaintiff at the rate of one and one-half times his regular hourly wage rare for all hours worked over forty (40) in a work-week, as required by the FLSA.

**WHEREFORE,** Plaintiff, respectfully requests this Court to enter an Order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as result of Defendants' violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## VII. COUNT II- LIQUDATED DAMAGES UNDER THE FLSA

18. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

19. In denying Plaintiff compensation at a rate of one and one-half his hourly rate of pay for hours worked over forty (40) in a work-week, Defendants' acts were not based upon good faith or reasonable grounds.

20. Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of the Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

### VIII. COUNT III- VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

21. Plaintiff incorporates by reference the preceding allegations as if fully stated herein.

22. The Illinois Wage Payment and Collection Act, §2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . "Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses… and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."

23. As part of the employment agreement between the parties herein, Defendants agreed that they would pay compensation in Compliance with state and federal law, but have breached that agreement by failing to comply with federal and state statutes as described herein.

5

24. The Illinois Wage Payment and Collection Act, §4, provides that all wages earned by any employee during a weekly pay period shall be paid no later than 7 days after the end of the weekly pay period in which the wages were earned. Plaintiff herein has been denied payment of rightful overtime wages in excess of 7 days from the time the overtime pay was earned.

25. The Illinois Wage Payment and Collection Act, §5, provides that every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein was denied his rightful overtime wages by the next scheduled payday after his separation.

26. Defendant's acts as complained of herein and described above, namely Defendants' refusal and failure to pay the earned overtime wages to Plaintiff as contemplated by the agreement of the parties, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** Plaintiff requests this Court to enter an Order as follows:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations that may come to light during the prosecution of this matter, in violation of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) awarding Plaintiff reasonable attorney's fees, costs and litigation expenses, as provided by statute; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## IX. JURY DEMAND

27. Plaintiff demands trial by jury on all counts where trial by jury is available.

Dated: February 8, 2016                                             Respectfully Submitted,

                                                               THE FREYDIN LAW FIRM LLP


                                                                BY: /s/ Timothy A. Scott
                                                                        Timothy A. Scott, Attorney for
                                                                        Bohdan Holyk


Timothy A. Scott (ARDC#6243846)
**THE FREYDIN LAW FIRM LLP**
8707 Skokie Blvd., Suite 305
Skokie, Illinois 60077
Telephone: (847) 972-6157
Facsimile: (708) 358-0790